## EDWARD DUCLOS LANGE *v.* HIS CREDITORS.

The application, required by sect. 30 of the. act of 20th February, 1817, to be made to the court by the syndic, for authority to sell the property of, an insolvent, may be by motion, which is but an oral petition. The object of the law is answered, when the syndic is authorized by the court.

The appraisers of property surrendered by an insolvent, and ordered to be sold, are not required to be appointed by the insolvent and the syndic. They may be appointed and sworn by the court, before which the *concurso* is pending. It will be a sufficient compliance with art. 2180 of the Civil Code, which requires the sales of property ceded to creditors to be made on the same terms and under the same formalities as property seized on execution, if the formalities be substantially fulfilled.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius,* for the appellant. The syndic must apply *by petition* to the court, to be authorized to sell the property surrendered by the insolvent. Act of 1817, sec. 30. 2 Moreau's Dig. p. 432.

The appraisers ought to have been appointed by the syndic and the insolvent. The latter has a residuary interest in the property to be sold, the same as a defendant in execution.

*L. Peirce,* for the syndic. The application to the court, by motion, for authority to sell, was sufficient. The appraisers were appointed in conformity to the established practice in this State. The insolvent had ceased to be a party to the proceedings after the confirmation of the syndic.

MORPHY, J. John M. Bach is appellant from a judgment rendering absolute a rule, taken on him by the syndic in this case, to show cause why he should not sign a deed of sale for property of the estate adjudicated to him, and pay the price thereof. He showed for cause, that the property had been illegally and irregularly sold, and that the syndic could not give him a valid title to the same : *first,* because there was no legal order of court authorizing the sale ; *secondly,* because the appraisers were appointed by the court, when they ought to have been appointed by the insolvent and the syndic.

I. We find in the record that, on a motion of the syndic, an order was made on the 5th of May, 1838, for the sale of the property surrendered by the insolvent. A motion is an oral petition. The

judge might have required it to be reduced to writing, but having granted the order, we cannot consider it illegal for having been rendered on a motion, instead of a petition. The object of the 30th section of the statute of 1817, to which we have been referred, is answered, when the syndic is authorized by the court to make the sale of the insolvent's property.*

II. Although the Civil Code, art. 2180, provides that sales of property ceded to creditors must be made on the same terms and under the same formalities as property seized on execution, it is clear that, by reason of the difference between the two cases, the rules prescribed for the one, cannot be literally followed in the other. It is sufficient if the required formalities are substantially fulfilled. As the insolvent, after the confirmation of the syndic, has been generally considered as no longer a party to the suit, the constant. practice seems to have been, for the syndic to have the appraisers appointed, and sworn by the court before which the *concurso* is pending. The mode of appointment, suggested by the appellant as the proper one, is perhaps a greater approximation to the rules laid down in the Code of Practice for sales on execution ; but as these cannot be followed throughout, so far, for instance, as relates to the share which the sheriff is to take in such appointment, and as the course hitherto pursued complies with the main requirement of the law, which is that a sworn and impartial appraisement be made, so as to protect from sacrifice the property to be sold, we cannot believe it our imperious duty to disturb this established practice, and thereby throw doubt and uncertainty on a large class of titles that have been acquired under it.

*Judgment affirmed.*

---

* This section provides that : " The definitive syndics shall apply by petition to the court which shall have ordered the meeting of creditors, to be authorized to sell at public auction, and to the last and highest bidder, all the insolvent debtor's property."